J-S28039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR LYONS | : | |
| | : | |
| Appellant | : | No. 2660 EDA 2023 |

Appeal from the PCRA Order Entered September 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004139-2014

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED OCTOBER 28, 2024**

Omar Lyons ("Lyons") appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously provided the relevant factual and procedural history underlying this matter as follows:

> [In] 2013, two Philadelphia police officers . . . observed a man, later identified as [Danny] Corley [("Corley")], leaning into a vehicle with cash in his hand.  Upon noticing the officers, . . . Corley dropped the cash into the vehicle and stepped backwards.  The officers frisked . . . Corley and recovered fourteen packets of heroin stamped "Killer" and a pocketknife.  [Unprompted, Corley told the officers that "he just bought a hundred dollars' worth off of" [*sic*] Lyons, who was the driver and sole occupant of the vehicle.]
>
> The officers asked [Lyons] to exit the vehicle[,] . . . arrested [him,] and found eleven packets of heroin, also stamped "Killer," and $743 in cash on [his] person.  The woman who owned the car . . . [thereafter] arrived . . . and gave the officers consent to

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

search the vehicle. During their search . . . the officers recovered . . . marijuana, [drug paraphernalia], and a $100 bill that had been dropped in the vehicle by . . . Corley.

[Lyons] was arrested and charged with [possession with intent to distribute a controlled substance ("PWID")], possession of a controlled substance, . . . possession of drug paraphernalia[, and] possession of marijuana. [Lyons] filed a motion to suppress[.] . . . Ultimately, [Lyons' private] counsel filed a motion to withdraw[.] . . . The [trial] court granted the motion and appointed [Abbie Heller, Esquire ("Trial Counsel"), of] the Defender Association of Philadelphia[,] to represent [Lyons].

[In] 2017, [the trial court conducted a hearing on Lyons' motion to suppress, which it thereafter denied. Lyons] then filed a motion to reconsider [this order, and] after hearing argument[,] the trial court orally denied the motion. The trial court . . . inquired whether [Lyons] was ready to continue to a waiver trial. [Trial C]ounsel . . . indicated that [Lyons] expressed a desire for . . . Corley to testify for the defense and sought an adjournment to locate [him]. The trial court stated that it would not grant a continuance owing to the extensive delays already in prosecuting the case and provided [Lyons] with the choice of invoking his right to a trial by jury or proceeding [immediately to] a waiver trial.

[Lyons opted to proceed with a waiver trial.] During his colloquy on the waiver of right to trial by jury, [Lyons] asserted that [Trial Counsel] had a conflict of interest based upon the Defender Association's prior representation of . . . Corley in a case related to the same incident. [Trial C]ounsel and the Commonwealth[] . . . explained that[] while the Defender Association did represent [Corley, his] motion to suppress was granted in 2014 and the charges against him were dropped before the Defender Association was appointed to represent [Lyons] in 2017. Based upon this fact and the representation [by Trial Counsel] that [s]he did not believe . . . [s]he had a conflict of interest, the trial court . . . did not discern a conflict. [Lyons] ultimately agreed to waive his right to a jury trial and completed a written waiver form.

At the conclusion of trial, the trial court found [Lyons] guilty of all charged offenses. On November 1, 2018, the trial court sentenced [Lyons] to [an aggregate] three-to-six year term of

imprisonment followed by a consecutive five-year probationary period. . . .

***Commonwealth v. Lyons***, 229 A.3d 359 (Pa. Super. 2020) (unpublished memorandum at **1-4) (footnote and citations to the record omitted), *appeal denied*, 260 A.3d 76 (Pa. 2021).

Lyons thereafter filed a timely notice of appeal, in which he argued, *inter alia*: (1) Trial Counsel was ineffective for failing to call Corley as a witness at the suppression hearing and trial; and (2) the trial court erred by not removing Trial Counsel as his attorney due to an alleged conflict of interest presented by the Defender Association's successive representation of Corley and Lyons in their respective criminal cases. After review, this Court affirmed the judgment of sentence, concluding that: (1) Lyons' ineffectiveness claim was not cognizable on direct appeal; and (2) Lyons' claim of trial court error when ruling on the conflict-of-interest issue lacked merit because he failed to show he was prejudiced by the Defender Association's successive representation. ***See id***. (unpublished memorandum at **6, 19-21). Lyons filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied.[2]

---

[2] Pending the High Court's ultimate decision to deny review, Lyons filed a *pro se* PCRA petition. Because this petition was filed during Lyons' direct appeal, it was a legal nullity. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000); ***see also*** Pa.R.A.P. 1701(a) (stating generally, after an appeal is taken, the trial court may no longer proceed further in the matter). Accordingly, the PCRA court dismissed the petition without prejudice to refile it. ***See*** Order *sur* PCRA Petition, 6/24/22, at unnumbered 1.

On October 31, 2022, Lyons filed a timely *pro se* PCRA petition, his first,[3] raising, *inter alia*, the following issue: "Ineffectiveness of Counsel (A) Suppression; (B) Trial." *Pro Se* PCRA Petition, 10/31/22, at 8. Lyons additionally requested an evidentiary hearing to present testimony from Trial Counsel and direct appeal counsel, noting that they were aware that the Defender Association represented Lyons' codefendant and that there may have been a conflict of interest. *See id*. at 7. The PCRA court appointed Joshua Scarpello, Esquire ("PCRA Counsel"), who thereafter filed a motion to withdraw from representation and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA Counsel addressed each of Lyons' issues and determined that they lacked merit. Notably, with respect to Lyons' ineffectiveness claim, PCRA Counsel argued that Trial Counsel was not ineffective for failing to call Corley as a trial witness,

---

[3] Under the PCRA, a petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States, or the expiration of time for seeking such review. **See** 42 Pa.C.S.A. § 9545(b)(3). Here, because our Supreme Court denied Lyons' petition for allowance of appeal on August 30, 2021, and because Lyons did not petition the United States Supreme Court for further review, his judgment of sentence became final ninety days later, on November 29, 2021. **See** U.S. Sup. Ct. R. 13 (stating appellant must file a petition for writ of *certiorari* in the United States Supreme Court within ninety days after entry of judgment by a state court of last resort). Thus, Lyons had one year from this date, until November 29, 2022, to file his instant petition. As Lyons filed the instant petition on October 31, 2022, it is timely.

reasoning that it was solely Lyons' decision to exclude Corley as a witness and to instead immediately proceed to a waiver trial. *See* "No-Merit" Letter, 7/21/23, at 7-9.

The PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Lyons' petition without a hearing. Lyons filed a *pro se* response to the "no-merit" letter in which he claimed that PCRA Counsel misapprehended the nature of his ineffectiveness claim. Pertinently, he argued that he was "not complaining that [Trial Counsel was] ineffective for not calling a witness." *Pro Se* Response to "No-Merit" Letter, 8/30/23, at unnumbered 2. Instead, Lyons clarified that the ineffectiveness claim he raised in his *pro se* petition was based on "Successive Representation." *Id*. On November 22, 2023, the PCRA court entered an order granting PCRA Counsel's motion to withdraw and dismissing Lyons' petition. Lyons filed a timely notice of appeal.[4] The PCRA court did not order Lyons to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, the PCRA court authored a Rule 1925(a) opinion in which it explained, *inter alia*, that "counsel's alleged conflict in the Defender Association's prior representation of . . . Corley . . .

_____

[4] The trial docket includes an entry indicating that on September 8, 2023, the PCRA court dismissed Lyons' PCRA petition. However, the PCRA court explained — and our review of the record confirms — that no such order was entered on that date. *See* PCRA Court Opinion, 2/14/24, at n.1. Lyons filed a *pro se* notice of appeal on October 10, 2023. The PCRA court thereafter entered an order dismissing Lyons' petition on November 22, 2023, and we treat Lyons' premature appeal as timely filed on this date. *See* Pa.R.A.P. 905(a)(5) (stating that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

was previously litigated" in Lyons' direct appeal to this Court. PCRA Court Opinion, 2/14/24, at 3.

Lyons raises the following issue for our review: "Did the PCRA court properly find that [Lyons'] allegations were previously litigated and subject to dismissal pursuant to 42 [Pa.]C.S.A. § 9543(a)(3)[?]" Lyons' Brief at 6 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Lyons challenges the PCRA court's determination that his claim was previously litigated. To be eligible for relief under the PCRA, a petitioner must establish that his allegations have not been previously litigated or waived. ***See*** 42 Pa.C.S.A. § 9543(a)(3). An issue is deemed previously litigated for purposes of the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the

- 6 -

issue[.]" 42 Pa.C.S.A. § 9544(a)(2). Moreover, an appellant cannot obtain post-conviction review of claims previously litigated on appeal by challenging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims. *See Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004). The relevant inquiry when determining whether a PCRA petitioner is properly asserting a new and distinct issue, rather than simply re-labeling and reasserting a previously litigated one, is whether the ineffectiveness claim constitutes a "discrete legal ground or merely an alternative theory in support of the same underlying issue that was raised on direct appeal." *Commonwealth v. Gwynn*, 943 A.2d 940, 944-45 (Pa. 2008).

Furthermore, the simultaneous "representation of co-defendants by different attorneys of the same law firm constitutes *dual* or joint representation." *Commonwealth v. Rogal*, 120 A.3d 994, 1005 (Pa. Super. 2015) (emphasis added, citation omitted). To establish a conflict of interest in dual representation, a defendant "need not show that actual harm resulted, but must at least show the possibility of harm." *Id*. (citation omitted). On the other hand, where an attorney has previously represented others related to a defendant's case, and thus engages in *successive* representation, the defendant "must demonstrate that he was prejudiced by any potential conflict of interest." *Commonwealth v. Tharp*, 101 A.3d 736, 754 (Pa. 2014).

Lyons concedes that, in his direct appeal, this Court addressed the issue of successive representation by the Defender's Association through its initial representation of Corley and its subsequent representation of Lyons. **See** Lyons' Brief at 11, 13. Indeed, Lyons states that "there was no[] dual representation in this case" and "[t]he record is . . . clear that on direct appeal the Superior Court did in fact address successive representation." **Id**. at 9, 13. Nonetheless, Lyons argues elsewhere in his brief that this Court addressed the issue of dual representation in his direct appeal and did not address any claim of successive representation. **See id**. at 11-12. With respect to this latter assertion, Lyons posits that, because the issue of successive representation was not addressed in his direct appeal, it was not previously litigated. **See id**. Alternatively, Lyons asserts that to the extent that this Court previously addressed the issue of successive representation, his direct appeal brief never mentioned an argument of successive representation, and he therefore did not previously litigate this issue. **Id**. at 13.

In denying relief, the PCRA court concluded the issue of Trial Counsel's "alleged conflict in the Defender Association's prior representation of" Corley was previously litigated. PCRA Court Opinion, 2/14/24, at 3. The PCRA court cited this Court's direct appeal decision, wherein we held that the trial court did not err in failing to remove Trial Counsel for successive representation since Lyons could not show that he was prejudiced. **See id**. at 3-4 (*quoting* **Lyons**, 229 A.3d 359 (unpublished memorandum at *21)).

After careful review, we conclude that that the PCRA court's determination that Lyons's issue was previously litigated is supported by the record and free from error. In connection with Lyons' direct appeal, this Court addressed the issue of successive representation, as follows:

> In his final issue, [Lyons] argues that the trial court erred by not removing [his] trial counsel because his counsel worked for the Defender Association, the same organization that had previously represented [Corley] in the latter's successful suppression motion. . . .
>
> * * * *
>
> Here, the record establishes that an attorney from the Defender Association represented [Corley] for his motion to suppress in 2014; [Corley] was successful in his suppression motion and the charges against him were then dropped. [Lyons] was represented by other counsel until 2017 when that attorney moved to withdraw his appearance based upon a breakdown in communication with [Lyons]. The trial court then appointed the Defender Association, which represented [Lyons] for his suppression hearing and non-jury trial. Because the Defender Association did not actively represent the interests of [Corley] and [Lyons] at the same time, [Lyons] must show that he was prejudiced by the potential conflict. **See** [**Tharp**, 101 A.3d at 754] (trial counsel's cross-examination of witnesses who had previously been represented by same public defender's office was not an actual conflict of interest because representation of witnesses had terminated prior to trial).
>
> [Lyons] has failed to make any showing that he was prejudiced by the Defender Association's successive representation of him and [Corley]. [Corley] was represented by a different attorney from the Defender Association, and [Lyons'] current counsel stated that [s]he was unaware of the details of [Corley]'s case and did not see a conflict of interest in his representation. N.T., 7/23/18, at 40-41. While [Lyons] stated to the trial court that he wanted [Corley] to testify at his trial and he now asserts that his trial counsel in some way prevented [Corley]'s testimony, counsel in fact did not refuse [Lyons'] request and sought a brief delay in the proceedings to contact

[Corley] and see if he was willing to testify. *Id*. at 32-33. The trial court, not [Lyons'] counsel, refused the request for a continuance and instead stated that [Lyons] would have to invoke his right to a jury trial. *Id*. at 33-34. [Lyons] ultimately decided that he would forgo [Corley]'s testimony and proceed to a non-jury trial. *Id*. at 43. Indeed, during his colloquy for his waiver of his right to a jury trial, he explained that he was satisfied with his attorney's services to that point. *Id*. at 44.

*Lyons*, 229 A.3d 359 (unpublished memorandum at \*\*22-26) (footnote omitted).

Based on the above, it is clear that Lyons' conflict-of-interest claim was previously litigated pursuant to 9543(a)(3).[5] This Court expressly determined that there was no dual representation, since the Defender Association did not represent Corley and Lyons at the same time, and that Lyons failed to establish prejudice in relation to the successive representation provided by the Defender Association. *See id*. Thus, as Lyons' conflict-of-interest claim was previously litigated, he is ineligible for relief under the PCRA. Accordingly, we affirm the order dismissing his petition.

_____

[5] This Court is mindful that the conflict-of-interest issue presented by the Defender Association's successive representation was raised in Lyons' direct appeal as a claim of trial court error, whereas Lyons purported to raise the issue in his *pro se* petition as an ineffectiveness claim. Nonetheless, despite the label affixed to the issue in his *pro se* petition, Lyons clarified in his *pro se* response to the "no-merit" letter and in his appellate brief to this Court that the purported ineffectiveness claim he sought to raise in his *pro se* petition was, in fact, the conflict of interest presented by the Defender Association's successive representation of Corley and Lyons in their separate criminal cases. *See Pro Se* Response to "No-Merit" Letter, 8/30/23, at unnumbered 2; *see also* Lyons' Brief at 9-13. Thus, Lyons' purported ineffectiveness claim is merely an alternative theory in support of the same underlying issue that was raised on direct appeal. *See Gwynn*, 943 A.2d at 944-45.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/28/2024</u>